**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,  )<br>     Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>Audon Castro-Guzman,  )<br>     Defendant.  )<br>_____ ) | No. CR 19-2992-TUC-CKJ (LCK)<br><br>**ORDER** |

On March 11, 2020, Magistrate Judge Lynnette C. Kimmins issued a Report and Recommendation ("R&R") (Doc. 35) in which she recommended this Court grant Defendant's Motion to Dismiss Indictment with Prejudice (Doc. 21). The R & R notified the parties that they had 14 days from the date of service of the R & R to file any objections. However, no objections were filed. On June 1, 2020, this Court adopted the R & R and dismissed the indictment with prejudice in this matter.

The government has filed a Motion for Reconsideration (Doc. 38). The Court has discretion to reconsider and vacate an order. *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994); *United States v. Nutri-cology, Inc.*, 982 F.2d 394, 396 (9th Cir. 1992). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3rd Cir. 1985), *cert. denied,* 476 U.S. 1171 (1986). However, motions for reconsideration are disfavored. *See generally Northwest Acceptance Corp. v. Lynnwood Equipment, Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988). Indeed, a motion for reconsideration is not to be used to ask a court "to rethink what the court had already thought through – rightly or wrongly." *Above the Belt,*

*Inc. v. Mel Bohanan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va. 1983) (limiting motions for reconsideration to cases where the court has patently misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court, where the court has made an error not of reasoning but of apprehension, or where there has been a controlling or significant change in the law or facts since the submission of the issue to the court); *see also United States v. Rezzonico*, 32 F.Supp.2d 1112, 1116 (D.Ariz. 1998).

Moreover, a motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009), *internal quotation and citation omitted*. In this case, the R & R thoroughly discussed the issues and recommended dismissal with prejudice. The R & R also advised the parties that the failure to timely object to the R & R may result in objections being deemed waived. Nonetheless, the government did not object to the R & R. In now seeking reconsideration of the Court's Order, the government is seeking to raise arguments that could reasonably have been presented in objections to the R & R but were not. It is not appropriate for the Court to rethink what it has already thought through, rightly or wrongly, in these circumstances.

Additionally, the government asserts a dismissal without prejudice will adequately remedy the speedy trial and Sixth Amendment concerns raised in this case. Indeed, the government asserts Castro-Guzman "should not receive the windfall of never facing prosecution for his drug crimes if he becomes available again." Motion, pp. 2-3 (Doc. 38). The Court notes Castro-Guzman is not charged with a drug offense in this case but illegal reentry. Further, "as a result of executive branch operation, the Defendant has been deported and is consequently disadvantaged in preparing a defense in [his] case, jeopardizing this Court's ability to fairly try [him]." *United States v. Munoz-Garcia*, No. R1901670001TUCJGZEJM, 2020 WL 1929204, at *3 (D. Ariz. Apr. 21, 2020). In other words:

> These violations of Defendant's constitutional rights are due solely to the actions of the government. Further, this is not an isolated event within this District as the government has been on notice of this issue for well over two years. The Court finds that an appropriate remedy for this violation is dismissal of the indictment with prejudice.

R & R, p. 11 (Doc. 35).

Accordingly, IT IS ORDERED the Motion for Reconsideration (Doc. 38) is DENIED.

DATED this 12th day of June, 2020.

*Cindy K. Jorgenson*
Cindy K. Jorgenson
United States District Judge